1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    RICHARD JOSE DUPREE,                    1:10-cv-01961 MJS (HC)

10                      Petitioner,          ORDER SUMMARILY DENYING PETITION
                                             FOR WRIT OF HABEAS CORPUS AS
11         v.                                FRIVOLOUS

12                                           (Doc. 1)
      FEDERAL BUREAU OF
13    INVESTIGATIONS,

14                      Respondent.
      _____/
15

16    **I.    INTRODUCTION**

17           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18    corpus under the authority of  28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1),

19    Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local

20    Rule 305(b).

21           Petitioner filed the instant petition for writ of habeas corpus on October 20, 2010

22    (Pet., ECF No. 1.)  Petitioner alleges that he "has been robbed by T.V. networks via

23    satellite for lyrics, manuscripts, clothing designs, [and] movie scripts." (Id. at 1.)  Petitioner

24    appears to allege that courts previously denied his requests to stop the media from

25    engaging in such behavior; he asserts that if action been taken, Defendant, the Federal

26    Bureau of Investigations ("FBI"), "would have all the information they needed to solve this

27    case."  (Id. at 4.)

28           As indicated below, the Court determines that Petitioner's claims are patently

-1-

1  incredible and, thus, that this petition should be summarily denied on the merits.

2  **II.   DISCUSSION**

3  Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a

4  preliminary review of each petition for writ of habeas corpus. The Court must dismiss a

5  petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled

6  to relief." Rule 4 of the Rules Governing 2254 Cases. Summary dismissal is appropriate

7  only where the allegations in the petition are vague or conclusory, palpably incredible, or

8  patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990)

9  (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52 L. Ed. 2d 136

10 (1977)). Under § 2243, it is the duty of the Court to screen out frivolous applications and

11 to eliminate the burden that would be placed on the respondent by ordering an

12 unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory

13 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. The Advisory

14 Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas

15 corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

16 dismiss, or after an answer to the petition has been filed.

17 Habeas corpus petitions must meet heightened pleading requirements. McFarland

18 v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994); Hendricks, 908

19 F.2d at 491. The Petitioner shall set forth in summary from the facts supporting each of the

20 grounds specified and shall state the relief requested. Rule 4 of the Rules Governing

21 Section 2254 Cases. As mentioned above, a petition may be dismissed if the factual

22 allegations are so palpably incredible or so patently frivolous or false as to warrant

23 summary dismissal. Blackledge, 431 U.S. at 78. A claim is legally frivolous when it lacks

24 an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.

25 Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court may, therefore, dismiss a claim as frivolous

26 where it is based on an indisputably meritless legal theory or where the factual contentions

27 are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a

28 constitutional claim, however, inartfully, pleaded, has an arguable legal and factual basis.

1  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

2       Petitioner's claims are simply incredible and, even if not, would not be reviewable

3  by habeas petition.  He  claims misappropriation of his artistic works by the media, and he

4  claims that the FBI has discriminated against him by failing to investigate such crimes.

5  Petitioner has filed several other petitions for habeas corpus alleging similar claims against

6  members of the media and other private actors. See Dupree v. Francisco, Case No. 2:10-

7  cv-2691-CMK (E.D. Cal. Oct. 2, 2010); Dupree v. Moonves, Case No. 2:10-cv-02899-JFM

8  (E.D. Cal. Oct. 29, 2010); Dupree v. CBS Network, Case No. 2:10-cv-02900-WBS-GGH

9  (E.D. Cal. Oct. 28, 2010); Dupree v. Sterling, Case No. 2:10-cv-02901-EFB (E.D. Cal. Oct.

10  28, 2010).  Petitioner does not allege that he is in custody in violation of federal law.

11  Instead, he complains that the FBI did not properly investigate his claims that his artistic

12  works were misappropriated.

13       This Court can only entertain an application for writ of habeas corpus under 28

14  U.S.C. § 2254 if it is alleged that the petitioner is in state custody in violation of federal law.

15  Petitioner has not alleged such a violation. There are no such  facts alleged in this petition

16  and those that are alleged are based on delusion. The petition is frivolous and must be

17  dismissed. Neitzke, 490 U.S. at 327-28.

18  **III.   CERTIFICATE OF APPEALABILITY**

19       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

20  appeal a district court's denial of his petition, and an appeal is only allowed in certain

21  circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute

22  in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

23  provides as follows:

24           (a) In a habeas corpus proceeding or a proceeding under section
         2255 before a  district judge, the final order shall be subject to review, on
25       appeal, by the court  of appeals for the circuit in which the proceeding is
         held.
26
           (b) There shall be no right of appeal from a final order in a
27       proceeding to test the validity of a warrant to remove to another district or
         place for commitment or trial a person charged with a criminal offense
28       against the United States, or to test the validity of such person's detention

pending removal proceedings.

(d)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find him deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

///

///

## <u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. All pending motions be DISMISSED as MOOT (ECF Nos. 11, 13-14.);

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   July 28, 2011                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE